1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BRYON AMES,

11          Plaintiff,              No. 2:11-cv-1268 KJM JFM (PC)

12      vs.

13   MATTHEW ROGERS, et al.,        ORDER AND

14          Defendants.             FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee

24   in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

25   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

26   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

1

1  payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

2  account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

3  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

4  U.S.C. § 1915(b)(2).

5          The court is required to screen complaints brought by prisoners seeking relief

6  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

10 U.S.C. § 1915A(b)(1),(2).

11         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17 Cir. 1989); Franklin, 745 F.2d at 1227.

18         In his complaint, filed May 11, 2011, plaintiff alleges that he is a defendant in two

19 civil forfeiture actions filed in a California state court in Tehama County.  Plaintiff alleges a

20 number of errors and improprieties have occurred in connection with those proceedings,

21 including improper backdating of the forfeiture notice and failure to respond to that notice by the

22 district attorney's office in one case, and failure to serve, and falsification of, the forfeiture notice

23 in the other case.  Plaintiff also alleges that he has not been served with a notice of default

24 entered in one of the cases, that various court personnel have refused to process motions filed by

25 plaintiff, and that numerous motions have not been ruled on by the state court .  Plaintiff also

26 alleges that he has been denied access to legal material and other services while incarcerated in

2

1    the Tehama County Jail, resulting in unconstitutional interference with his right to access the

2    courts.  Plaintiff alleges that the incidents have been ongoing to the date of preparation of the

3    complaint.  He names thirty individual defendants as well as John and Jane Doe defendants.

4    Plaintiff seeks money damages, declaratory and injunctive relief, including return of two separate

5    sums of money, plus interest.

6              In Younger v. Harris, 401 U.S. 37 (1971), the United States Supreme Court

7    established "a 'circumscribed exception to mandatory federal jurisdiction.'"  Baffert v. California

8    Horse Racing Bd., 332 F.3d 613, 617 (9th Cir. 2003) (internal citation omitted).  Under Younger,

9    a federal court is required to abstain from exercising federal jurisdiction over claims which

10   would interfere with ongoing state proceeding "'if the state proceedings (1) are ongoing, (2)

11   implicate important state interests, and (3) provide the plaintiff an adequate opportunity to

12   litigate federal claims.'"  Canatella v. California, 404 F.3d 1106, 1109-10 (9th Cir. 2005)(quoting

13   Hirsh v. Justices of Supreme Court of Cal., 67 F.3d 708, 712 (9th Cir. 1995)).  In such

14   circumstances, the federal court must dismiss the action.  Baffert, at 617.

15             Here, the allegations of plaintiff's complaint show that the state forfeiture

16   proceedings were ongoing at the time he filed this action.  State forfeiture proceedings implicate

17   important state interests.  See Loch v. Watkins, 337 F.3d 574, 579 (6th Cir. 2003); see also

18   Postscript Enterprises, Inc. v. Peach, 878 F.2d 1114, 1116 (8th Cir. 1989).  Moreover, state

19   forfeiture proceedings provide an opportunity to litigate federal claims.  See Jauregui v. Superior

20   Court, 72 Cal.App.4th 931, 938 (1999) (noting that "federal case law is instructive in the area of

21   forfeiture because the California forfeiture statute is patterned after the federal drug forfeiture

22   statute.").[1]  Thus, absent allegations which suggest that the forfeiture proceedings were brought

23   /////

24

25             [1]  Three of the defendants named in plaintiff's complaint are identified as TIDE agents in
     Tehama County.  TIDE stands for Tehama Interagency Drug Enforcement.  See, e.g.,
26   http://www.redbluffdailynews.com/ci_19171572 (Red Bluff Daily News article describing arrests
     made by TIDE agents).

1  in bad faith or that plaintiff is threatened with irreparable injury "beyond that associated with the

2  defense" of the forfeiture proceedings, this action must be dismissed.

3        None of the allegations of plaintiff's complaint suggest bad faith by county

4  officials in the prosecution of the forfeiture action, or cognizable irreparable harm to plaintiff

5  beyond defending the actions.  Several of plaintiff's allegations do implicate the conduct of the

6  state forfeiture proceedings.  However, federal district courts do not have appellate jurisdiction

7  over state court proceedings.  See Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th

8  Cir. 1986).

9        For all of the foregoing reasons, this court is required to abstain from this action

10  pursuant to Younger v. Harris, supra.  Accordingly, the action should be dismissed without

11  prejudice.  See Beltran v. California, 871 F.32d 777, 782-83 (9th Cir. 1989).

12        In accordance with the above, IT IS HEREBY ORDERED that:

13        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

14        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

15  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

16  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

17  Director of the California Department of Corrections and Rehabilitation filed concurrently

18  herewith.

19        IT IS HEREBY RECOMMENDED that this action be dismissed without

20  prejudice.

21        These findings and recommendations are submitted to the United States District

22  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

23  days after being served with these findings and recommendations, plaintiff may file written

24  objections with the court and serve a copy on all parties.  Such a document should be captioned

25  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

26  /////

4

1    failure to file objections within the specified time may waive the right to appeal the District

2    Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3    DATED: November 7, 2011.

4

5

6    UNITED STATES MAGISTRATE JUDGE

7    12
     ames1268.56
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26