IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYON AMES,

        Plaintiff,                       No. 2:11-cv-1268 KJM JFM (PC)

    vs.

MATTHEW ROGERS, et al.,           ORDER AND

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly

1

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In his complaint, filed May 11, 2011, plaintiff alleges that he is a defendant in two civil forfeiture actions filed in a California state court in Tehama County. Plaintiff alleges a number of errors and improprieties have occurred in connection with those proceedings, including improper backdating of the forfeiture notice and failure to respond to that notice by the district attorney's office in one case, and failure to serve, and falsification of, the forfeiture notice in the other case. Plaintiff also alleges that he has not been served with a notice of default entered in one of the cases, that various court personnel have refused to process motions filed by plaintiff, and that numerous motions have not been ruled on by the state court . Plaintiff also alleges that he has been denied access to legal material and other services while incarcerated in

2

the Tehama County Jail, resulting in unconstitutional interference with his right to access the courts. Plaintiff alleges that the incidents have been ongoing to the date of preparation of the complaint. He names thirty individual defendants as well as John and Jane Doe defendants. Plaintiff seeks money damages, declaratory and injunctive relief, including return of two separate sums of money, plus interest.

In Younger v. Harris, 401 U.S. 37 (1971), the United States Supreme Court established "a 'circumscribed exception to mandatory federal jurisdiction.'" Baffert v. California Horse Racing Bd., 332 F.3d 613, 617 (9th Cir. 2003) (internal citation omitted). Under Younger, a federal court is required to abstain from exercising federal jurisdiction over claims which would interfere with ongoing state proceeding "'if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims.'" Canatella v. California, 404 F.3d 1106, 1109-10 (9th Cir. 2005)(quoting Hirsh v. Justices of Supreme Court of Cal., 67 F.3d 708, 712 (9th Cir. 1995)). In such circumstances, the federal court must dismiss the action. Baffert, at 617.

Here, the allegations of plaintiff's complaint show that the state forfeiture proceedings were ongoing at the time he filed this action. State forfeiture proceedings implicate important state interests. See Loch v. Watkins, 337 F.3d 574, 579 (6th Cir. 2003); see also Postscript Enterprises, Inc. v. Peach, 878 F.2d 1114, 1116 (8th Cir. 1989). Moreover, state forfeiture proceedings provide an opportunity to litigate federal claims. See Jauregui v. Superior Court, 72 Cal.App.4th 931, 938 (1999) (noting that "federal case law is instructive in the area of forfeiture because the California forfeiture statute is patterned after the federal drug forfeiture statute.").[1] Thus, absent allegations which suggest that the forfeiture proceedings were brought

/////

---

[1] Three of the defendants named in plaintiff's complaint are identified as TIDE agents in Tehama County. TIDE stands for Tehama Interagency Drug Enforcement. See, e.g., http://www.redbluffdailynews.com/ci_19171572 (Red Bluff Daily News article describing arrests made by TIDE agents).

1  in bad faith or that plaintiff is threatened with irreparable injury "beyond that associated with the
2  defense" of the forfeiture proceedings, this action must be dismissed.
3        None of the allegations of plaintiff's complaint suggest bad faith by county
4  officials in the prosecution of the forfeiture action, or cognizable irreparable harm to plaintiff
5  beyond defending the actions.  Several of plaintiff's allegations do implicate the conduct of the
6  state forfeiture proceedings.  However, federal district courts do not have appellate jurisdiction
7  over state court proceedings.  See Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th
8  Cir. 1986).
9        For all of the foregoing reasons, this court is required to abstain from this action
10 pursuant to Younger v. Harris, supra.  Accordingly, the action should be dismissed without
11 prejudice.  See Beltran v. California, 871 F.32d 777, 782-83 (9th Cir. 1989).
12       In accordance with the above, IT IS HEREBY ORDERED that:
13       1. Plaintiff's request for leave to proceed in forma pauperis is granted.
14       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
15 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
16 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
17 Director of the California Department of Corrections and Rehabilitation filed concurrently
18 herewith.
19       IT IS HEREBY RECOMMENDED that this action be dismissed without
20 prejudice.
21       These findings and recommendations are submitted to the United States District
22 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
23 days after being served with these findings and recommendations, plaintiff may file written
24 objections with the court and serve a copy on all parties.  Such a document should be captioned
25 "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
26 /////

4

1  failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: November 7, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
ames1268.56