IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYON AMES,

      Plaintiff,                         No. 2:11-cv-1268 KJM JFM (PC)

   vs.

MATTHEW ROGERS, et al.,

      Defendants.                  ORDER TO SHOW CAUSE

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  By order filed September 7, 2012, the district court vacated the March 15, 2012 order and judgment thereon dismissing this action without prejudice and referred the matter back to the undersigned to screen plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7 Cir. 1989); Franklin, 745 F.2d at 1227.
8    In his complaint, filed May 11, 2011, plaintiff alleges that he was a defendant in
9 two civil forfeiture actions filed in a California state court in Tehama County.  Plaintiff alleges a
10 number of errors and improprieties have occurred in connection with those proceedings,
11 including improper backdating of the forfeiture notice and failure to respond to that notice by the
12 district attorney's office in one case, and failure to serve, and falsification of, the forfeiture notice
13 in the other case.  Plaintiff also alleges that he was not served with a notice of default entered in
14 one of the cases, that various court personnel refused to process motions filed by plaintiff, and
15 that numerous motions have not been ruled on by the state court .  Plaintiff also alleges that he
16 was been denied access to legal material and other services while incarcerated in the Tehama
17 County Jail, resulting in unconstitutional interference with his right to access the courts.  Plaintiff
18 alleges that the incidents have been ongoing to the date of preparation of the complaint.[1]
19 Plaintiff names thirty individual defendants as well as John and Jane Doe defendants.  Plaintiff
20 seeks money damages, declaratory and injunctive relief, including return of two separate sums of
21 money, plus interest.
22    On November 8, 2011, this court issued findings and recommendations
23 recommending dismissal of this action without prejudice under the rule announced in Younger v.

---

[1] In spite of this allegation, plaintiff subsequently tendered evidence to the district court showing that the forfeiture action was resolved in Tehama County and the appeal from that order dismissed before the instant action was filed. See Order filed September 7, 2012, at 1.

2

1  Harris, 401 U.S. 37 (1971).  The court found that the allegations of plaintiff's complaint showed
2  that the state forfeiture proceedings were ongoing at the time he filed this action and that
3  Younger required this court to abstain from the action.  On March 15, 2012, the district court
4  adopted the findings and recommendations and dismissed the action without prejudice.
5  Judgment was entered on the same day.
6           As noted above, petitioner subsequently filed a motion for reconsideration of the
7  March 15, 2012 order and judgment.  That motion was granted by the district court on the basis
8  of exhibits appended thereto which show that the forfeiture proceedings were concluded before
9  this action was filed.  Those same exhibits, which are docket sheets from the two state
10 proceedings at issue herein, appear to belie some of the allegations of plaintiff's complaint in key
11 respects.[2]  For example, Exhibit 1 shows that in one of the cases plaintiff filed a claim opposing
12 forfeiture on April 8, 2010, approximately a month before the petition for forfeiture was filed,
13 that an "order of forfeiture after stipulation of the parties" was entered on October 14, 2010, and
14 that thereafter plaintiff filed a notice of appeal.  Ex. 1 to Motion for Reconsideration, filed March
15 27, 2012.  Plaintiff's appeal was subsequently dismissed for failure to comply with a rule of
16 court.  Id.  Exhibit 2 shows that plaintiff filed a claim opposing forfeiture in the other action on
17 October 5, 2009, and filed other documents in that action.  On March 7, 2011, the docket notes a
18 "ruling on defendant's request for ruling."[3]  These documents give rise to an inference that
19 plaintiff had notice of the proceedings against him, that he stipulated to the order of forfeiture in
20 one case, and that the court responded to his request for ruling in the other.  If these inferences
21 are correct, it appears that plaintiff cannot state a cognizable claim for violation of his federal

---

[2] This court "'may take judicial notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'"  U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (quoting St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979)).

[3] The docket sheet for that action identifies plaintiff as the defendant in that action.

1 constitutional right to due process, nor can he state a claim for interference with his right to
2 access the courts.
3          Good cause appearing, IT IS HEREBY ORDERED that within fifteen days from
4 the date of this order plaintiff shall show cause in writing, if any he has, why this action should
5 not be dismissed for the reasons set forth in this order.
6 DATED: January 3, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

12
ames1268.osc