IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYON AMES,

    Plaintiff,                     No. 2:11-cv-1268 KJM JFM (PC)

    vs.

MATTHEW ROGERS, et al.,

    Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed March 15, 2012, this action was dismissed without prejudice. By order filed September 7, 2012, the district court vacated the March 15, 2012 order and judgment thereon dismissing this action without prejudice and referred the matter back to the undersigned to screen plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

        Thereafter, on January 4, 2013, this court issued an order to show cause directing plaintiff to show cause in writing why the action should not be dismissed for the reasons set forth in the order to show cause, as follows:

> In his complaint, filed May 11, 2011, plaintiff alleges that he was a defendant in two civil forfeiture actions filed in a California state court in Tehama County. Plaintiff alleges a number of errors and improprieties have occurred in connection with those proceedings, including improper backdating of the forfeiture notice

1

and failure to respond to that notice by the district attorney's office in one case, and failure to serve, and falsification of, the forfeiture notice in the other case. Plaintiff also alleges that he was not served with a notice of default entered in one of the cases, that various court personnel refused to process motions filed by plaintiff, and that numerous motions have not been ruled on by the state court . Plaintiff also alleges that he was been denied access to legal material and other services while incarcerated in the Tehama County Jail, resulting in unconstitutional interference with his right to access the courts. Plaintiff alleges that the incidents have been ongoing to the date of preparation of the complaint.[1] Plaintiff names thirty individual defendants as well as John and Jane Doe defendants. Plaintiff seeks money damages, declaratory and injunctive relief, including return of two separate sums of money, plus interest.

On November 8, 2011, this court issued findings and recommendations recommending dismissal of this action without prejudice under the rule announced in Younger v. Harris, 401 U.S. 37 (1971). The court found that the allegations of plaintiff's complaint showed that the state forfeiture proceedings were ongoing at the time he filed this action and that Younger required this court to abstain from the action. On March 15, 2012, the district court adopted the findings and recommendations and dismissed the action without prejudice. Judgment was entered on the same day.

As noted above, petitioner subsequently filed a motion for reconsideration of the March 15, 2012 order and judgment. That motion was granted by the district court on the basis of exhibits appended thereto which show that the forfeiture proceedings were concluded before this action was filed. Those same exhibits, which are docket sheets from the two state proceedings at issue herein, appear to belie some of the allegations of plaintiff's complaint in key respects.[2] For example, Exhibit 1 shows that in one of the cases plaintiff filed a claim opposing forfeiture on April 8, 2010, approximately a month before the petition for forfeiture was filed, that an "order of forfeiture after stipulation of the parties" was entered on October 14, 2010, and that thereafter plaintiff filed a notice of appeal. Ex. 1 to Motion for Reconsideration, filed March 27, 2012. Plaintiff's appeal was subsequently dismissed for failure to comply with a rule of court.

---

[1] In spite of this allegation, plaintiff subsequently tendered evidence to the district court showing that the forfeiture action was resolved in Tehama County and the appeal from that order dismissed before the instant action was filed. See Order filed September 7, 2012, at 1.

[2] This court "'may take judicial notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (quoting St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979)).

2

1  Id. Exhibit 2 shows that plaintiff filed a claim opposing forfeiture in the other action on October 5, 2009, and filed other documents in that action. On March 7, 2011, the docket notes a "ruling on defendant's request for ruling."[3] These documents give rise to an inference that plaintiff had notice of the proceedings against him, that he stipulated to the order of forfeiture in one case, and that the court responded to his request for ruling in the other. If these inferences are correct, it appears that plaintiff cannot state a cognizable claim for violation of his federal constitutional right to due process, nor can he state a claim for interference with his right to access the courts.

After receiving an extension of time, plaintiff has filed a response to the order to show cause. Therein, plaintiff, relying on a decision of a California Court of Appeal, apparently contends that state law mandates that forfeiture cases be tried in conjunction with underlying criminal proceedings. Plaintiff contends that did not happen in his first forfeiture proceeding. Plaintiff also contends that an April 15, 2011 ruling by the state court directing the Clerk to reject several documents tendered for filing. Petitioner contends that he was thus denied access to the courts and appeal rights. Finally, petitioner states that he has terminal cancer and less than six months to live.

Petitioner's response to the order to show cause shows that by the instant action he is challenging on several grounds two judgments of forfeiture entered against him in state court proceedings. It is well-settled that "[t]he United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings." Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir. 1986). By this action, plaintiff claims infirmities in the judgments and orders of state courts. This court has no jurisdiction to review those decisions. This case must therefore be dismissed for lack of jurisdiction.

In accordance with the above, IT IS HEREBY RECOMMENDED that this action be dismissed for lack of jurisdiction.

---

[3] The docket sheet for that action identifies plaintiff as the defendant in that action.

3

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
3  days after being served with these findings and recommendations, plaintiff may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
6  failure to file objections within the specified time may waive the right to appeal the District
7  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
8  DATED: February 20, 2013.

*/s/ John F. Moulds*
UNITED STATES MAGISTRATE JUDGE

12
ames1268.56sec